UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KORY S. KING, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:17-cv-00089-GZS |
| | ) | |
| NANCY A BERRYHILL, ACTING | ) | |
| COMMISSIONER, | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION

On Plaintiff Kory King's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Acting Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action for judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### The Administrative Findings

The Commissioner's final decision is the December 29, 2015, decision of the

Administrative Law Judge (ALJ). (ECF No. 9-2, R. 22.)[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of diabetes, gastroparesis, peripheral neuropathy, affective disorder, and substance abuse. (ALJ Decision ¶¶ 3 – 4.) The ALJ further determined that, despite his impairments, Plaintiff has the residual functional capacity (RFC) to perform light exertion work, stand/walk for six hours in an eight-hour day, and sit for six hours in an eight-hour day, but is subject to multiple postural and environmental restrictions, and is able to maintain attention, concentration, persistence, and pace for simple, routine work that does not involve more than occasional contact with the public. (*Id.* ¶ 5.) While concluding that the RFC would prevent Plaintiff from performing his past relevant work as an electrical engineer, based in part on the testimony of a vocational expert, the ALJ found Plaintiff could perform other substantial gainful activity, including the representative occupations of assembler and packager. (*Id.* ¶¶ 6, 10.) The ALJ, therefore, concluded that Plaintiff was not under a disability from the alleged onset date of September 12, 2013, through the date of decision, December 29, 2015. (*Id.* ¶ 11.)

**Standard of Review**

A court must affirm the administrative decision provided the ALJ applied the correct legal standards and the decision is supported by substantial evidence. This is so even if the

---

[1] Because the Appeals Council found no reason to review that decision, the Acting Commissioner's final decision is the ALJ's decision.

record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

**Discussion**

Plaintiff argues that the ALJ erred when he relied on the opinion of Disability Determination Services consultant Craig Billinghurst, M.D., because Dr. Billinghurst did not adequately assess the impact of Plaintiff's gastroparesis symptoms. (Statement of Errors at 3 – 5, ECF No. 11.) Plaintiff cites multiple medical records that support his symptoms, including nausea, vomiting, and diarrhea, and their frequency. (*Id.* at 5.) In addition, to the extent the ALJ found Plaintiff to be noncompliant with his care providers' recommendations, Plaintiff contends the ALJ did not perform the required regulatory analysis. (*Id.* at 6 – 7, citing Social Security Ruling 82-59 and Program Operations Manual System (POMS) § DI 23010.005.) Plaintiff asserts that the only probative evidence of a recommendation that would reduce Plaintiff's symptoms is the opinion of Nurse Practitioner Deborah Martin, who advised that Plaintiff will need to visit the emergency department "about every 4 weeks" to manage his symptoms. (R. 7 – 8, citing R. 1077.)

## A. *Gastroparesis*

As a consequence of type I diabetes and other factors, Plaintiff experiences severe gastroparesis, a condition that causes his stomach to empty slowly and results in nausea and vomiting. (Ex. 14F, R. 1077.) The condition is difficult to control, particularly as Plaintiff has an allergy to the most commonly prescribed medication for the condition. (*Id.*) The medical records reflect Plaintiff has a history of visiting the emergency department on a near monthly basis as a consequence of symptoms associated with gastroparesis.

The consulting experts who have assessed Plaintiff's combined impairments, including gastroparesis, and Plaintiff's RFC, have determined that Plaintiff retains the capacity for a subset of light work. (Richard T. Chamberlin, MD, RFC Assessment of June 17, 2014, Ex. 2A, R. 70 – 72, Ex. 4A, R. 85 – 87; Craig Billinghurst, MD, RFC Assessment of Oct. 29, 2014, Ex. 6A, R. 101 – 103 & Ex. 8A, R. 117 – 119.) In particular, Dr. Billinghurst's RFC assessment fully supports the ALJ's RFC findings. Plaintiff has not introduced a competing RFC assessment or any assessment from an acceptable medical source whose opinion may be entitled to controlling weight. 20 C.F.R. §§ 404.1513(a), 404.1527, 416.913(a), 416.927; *Edgecomb v. Colvin*, No. 1:14-CV-00004-JCN, 2015 WL 224765, at *2 (D. Me. Jan. 15, 2015).

Plaintiff argues that Dr. Billinghurst's opinion is not reliable given that record evidence reflects Plaintiff's gastroparesis is not and cannot be controlled, which evidence includes a letter of Nurse Practitioner Martin. (Ex. 15F, R. 1077.) Dr. Billinghurst and the ALJ were not persuaded that Plaintiff's gastroparesis cannot be controlled. The ALJ cited Plaintiff's daily activities, his diet, his drug use, his failure to take prescribed medication

when ordered, and his decision to end prior hospitalizations against medical advice, to support the ALJ's determination that, with compliance, the symptoms are controllable and that the condition does not limit Plaintiff's activity level to the degree Plaintiff contends. (ALJ Decision at 7, R. 28-29, citing Ex. 13F, R. 937, 977, 978, 1055, 1057 – 58; *see also* R. 1059 – 60.) The ALJ thus supportably found Plaintiff's testimony lacking in credibility and found the consultant's opinions to be persuasive.[2] In short, the record contains substantial evidence in support of the ALJ's RFC determination and the ALJ's assessment of Plaintiff's credibility.

## B.     *Social Security Ruling 82-59*

Plaintiff argues that remand should be ordered for the ALJ to comply with Social Security Ruling 82-59. The Ruling provides that a claimant who "fails without justifiable cause to follow treatment prescribed by a treating source which the [Commissioner] determines can be expected to restore the individual's ability to work, cannot by virtue of such 'failure' be found to be under a disability." *Titles II and XVI: Failure to Follow Prescribed Treatment*, Soc. Sec. Ruling 82-59 (SSA 1982), 1982 WL 31384, at *1. Where a claimant has refused treatment, the ALJ must develop the record to allow the claimant to provide his or her reasons for refusing treatment. *Id.*

Contrary to Plaintiff's argument, "SSR 82-59 does not bar the administrative law judge from [taking] evidence [of noncompliance] into account in the context of his

---

[2] While the ALJ considered NP Martin's letter, the ALJ gave the record little weight because NP Martin did not express an opinion in functional terms, her underlying treatment notes reflect Plaintiff's harmful activities (which activities do not comply with her own care recommendations), and NP Martin has repeatedly emphasized the particular importance of diet in managing Plaintiff's condition. (ALJ Decision at 9, R. 30; *see also* Ex. 8F, R. 662, 664.)

credibility assessment." *Anderson v. Astrue*, No. 1:11-CV-109-DBH, 2012 WL 283018, at *6 (D. Me. Jan. 30, 2012). *See also Talgo v. Astrue*, No. 1:09-CV-00005-JAW, 2009 WL 3163335, at *3 (D. Me. Sept. 29, 2009). Even if SSR 82-59 applied, "the Ruling does not mandate that the adjudicator engage in a protracted development of the issue in all cases." *Crocker v. SSA Comm'r*, No. 1:09-CV-459-JAW, 2010 WL 3274509, at *6 n.3 (D. Me. Aug. 16, 2010). The purpose of the Ruling is to enable the claimant to justify noncompliance. *Id.*

In a typical case that implicates SSR 82-59, the claimant elects to forego a treatment or procedure that the record reflects could restore functional capacity. In this case, the issue is not whether a certain treatment or procedure could restore functional capacity. Rather, the issue is whether Plaintiff's reported ongoing symptoms are the result of an uncontrollable condition (gastroparesis) or the product of his failure to follow simple recommendations and avoid certain activities that directly contribute to the symptoms. Plaintiff engages in activities (e.g., poor diet and drug abuse) that on this record can fairly be regarded as having a significant negative relationship to Plaintiff's gastroparesis symptoms. The ALJ, therefore, did not err when he failed to discuss SSR 82-59. Remand is thus not warranted.

## Conclusion

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate

6

judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

    Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                  /s/ John C. Nivison
                                  U.S. Magistrate Judge

Dated this 11th day of October, 2017.